JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERTA CERVANTES, | Case No.: EDCV 22-00078-CJC (KKx) |
| Plaintiff, | |
| v. | **ORDER *SUA SPONTE* REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT** |
| SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP and DOES 1-20, inclusive, | |
| Defendants. | |

Plaintiff Roberta Cervantes filed this case in June 2019 in Riverside County state court alleging that Defendant Southern California Permanente Medical Group wrongfully terminated her. (*See* Dkt. 1, Ex. 2 [Complaint]; Dkt. 1, Ex. 5 [Third Amended Complaint, hereinafter "TAC"].)  In her Third Amended Complaint, Plaintiff alleges four state law claims: wrongful termination in breach of implied contract, (2) intentional infliction of emotional distress, (3) negligence, and (4) breach of the implied covenant of good faith and fair dealing.

Plaintiff now seeks to remove the case to federal court. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Plaintiff does not assert that this Court has federal question or diversity jurisdiction. (*See id.*; *see* Dkt. 1, Ex. 6 [Declaration of Brad J. Husen, hereinafter "Husen Decl."] ¶ 3 [Plaintiff's counsel stating that he disagrees that a federal court has exclusive jurisdiction over his claims].) Rather, in support of federal jurisdiction, Plaintiff states only that on November 8, 2021, a state court judge ordered her to file her case in federal court because her Third Amended Complaint included one or more claims involving a federal question. (NOR.) The state court's order does not describe which claim involves a federal question, and the Court has been unable to identify one. (*See* Dkt. 1, Ex. 1; TAC.) Nor does diversity jurisdiction appear to be present, as Plaintiff alleges that both parties are California residents. (TAC ¶¶ 2, 5.)

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012). The removal statute is strictly construed against removal jurisdiction. *Gaus*, 980 F.2d at 566.

     Under the federal removal statute, only a *defendant* may remove a civil action filed in state court to a federal district court. 28 U.S.C. § 1441; *see In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in state court, to cause the removal of such action to a federal court."); *ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x 650, 652 (9th Cir. 2016) (explaining that federal removal statutes "permit[ ] removal only by *defendants* in state court actions") (emphasis added) (citing *Shamrock Oil*, 313 U.S. at 104–05) (explaining that Congress intended to limit the right to removal to only defendants and that a plaintiff may not remove a suit containing a counterclaim); *In re Hartford Litig. Cases*, 642 F. App'x 733, 736 (9th Cir. 2016) ("The [appellants] were *plaintiffs* in the state court, and therefore cannot use the removal statutes they invoke.") (citing 28 U.S.C. §§ 1441, 1443, 1446).

     Defendant chose not to remove this case. (*See* Husen Decl. ¶ 4 [explaining that defense counsel indicated that they would not seek removal to federal court].) Because Plaintiff may not remove it, the Court *sua sponte* **REMANDS** this action to Riverside County Superior Court.

DATED:    January 18, 2022

                                               CORMAC J. CARNEY
                                       UNITED STATES DISTRICT JUDGE